EUGENIO VARAGNOLA, Respondent, *v.* PARTOLA MANUFACTURING COMPANY, Appellant.

First Department, November 7, 1919.

**Deposition — examination of foreign witnesses — examination as to irrelevant matters not granted — sale — damages for breach of contract to deliver goods in this State.**

Where a contract for the sale and delivery of goods required payment when the goods were shipped from New York for transportation to a foreign country the damage upon the failure of the vendor to deliver is the difference between the contract price and the market value of the goods in this State, which was the agreed place of delivery, and hence the plaintiff is not entitled to letters rogatory allowing him to examine witnesses for the purpose of establishing the market price of the goods in the foreign country as the same is not material or relevant.

APPEAL by the defendant, Partola Manufacturing Company, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 19th day of August, 1919, granting plaintiff's motion for letters rogatory to examine certain witnesses in Genoa, Italy.

*Albert A. Hovell* of counsel [*Sidney A. Clarkson* with him on the brief; *Hovell, McChesney & Clarkson,* attorneys], for the appellant.

*George C. Sprague* of counsel [*Hunt, Hill & Betts,* attorneys], for the respondent.

PAGE, J.:

The action is brought by a resident and subject of the Kingdom of Italy to recover damages for failure of the defendant to deliver American caustic soda which it had agreed to sell and deliver to the plaintiff. In addition to the witnesses whose testimony may be material and necessary, the order provides for the examination of eight merchants for the purpose of proving the market price of American caustic soda in Genoa, Italy, at the time of the alleged breach of the contract. The soda was to be shipped from New York, payment to be made upon shipment against shipping documents by certain New York banks, with whom the plaintiff agreed to

open and maintain a credit for that purpose. It is not alleged in the complaint that plaintiff was compelled to buy any caustic soda in Genoa, Italy.

The rule is that where delivery and payment are to be concurrent acts, and the vendor refuses to deliver, the vendee is entitled to recover as damages the difference between the contract price and market value of the goods at the time and place appointed for delivery. The place was New York city, and not Genoa, Italy, and, therefore, the market price of caustic soda in Genoa, Italy, was not material or relevant to the case.

The order for the issuance of the letters rogatory will be modified by striking therefrom the following names, " Attilio Carmagnani, Eugenio Cignogna, E. Cicolani, M. Tamburini, of the firm of Pertuso and Tamburini: Richard Roe, president of the Chamber of Commerce, in Genoa, Italy (the name Richard Roe being fictitious, the true name being unknown, said witness being the president of the Chamber of Commerce in Genoa, Italy); F. Scrimaglio, of F. Scrimaglio & Company; Tito Tubini and Pienemonte Branceleoni," and, as so modified, affirmed, with ten dollars costs and disbursements to the appellant.

CLARKE, P. J., LAUGHLIN, SMITH and PHILBIN, JJ., concurred.

Order modified as indicated in opinion, and as so modified affirmed, with ten dollars costs and disbursements to the appellant.